PER CURIAM.
Thadius Edward Watson appeals the summary denial of his amended motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in which he raised three claims of ineffective assistance of trial counsel. We affirm the denial of the second and third claims without discussion, but we reverse the denial of the first claim and remand for an evidential^ hearing on that claim.
If, as Watson alleged in his first claim, trial counsel advised' him that he did not need to testify at trial because counsel could adequately present his claim of self-defense in closing argument, it appears that advice was both erroneous and prejudicial because, without Watson’s testimony, there was no evidence from which the jury could find that Watson acted in self-defense. The record excerpts attached to the order on appeal do not conclusively refute Watson’s allegation that counsel advised him that he need not testify, nor do the record excerpts establish that Watson’s likely testimony (which he had given at a pre-trial hearing on his motion to dismiss under the Stand Your Ground Law) was so lacking, in credibility and contrary to the'other evidence at trial that there was no reasonable possibility that the testimony would have been believed by the jury or changed the outcome of the case. Accordingly, an evidentiary hearing on this claim is required.
• AFFIRMED in part, REVERSED and REMANDED in part.
LEWIS, WETHERELL, and MAKAR, JJ., concur.